## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| ROTECH HEALTHCARE, INC., : | |
| RESPIRATORY MEDICAL EQUIPMENT : | |
| OF GEORGIA, INC., and : | |
| QUALITY HOME CARE, INC.  d/b/a : | |
| OSBORNE MEDICAL, : | |
|  : | |
| **Plaintiffs,** : | |
|  : | |
| vs.  : | 7:02-CV-103 (HL) |
|  : | |
|  : | |
| BERT CHANCY, HUGH CHANCY, : | |
| CHANCY DRUGS, INC., INNOVATIVE : | |
| PHARMACY SOLUTIONS, INC., : | |
| PHYSICIANS DIAGNOSTIC SOLUTIONS, : | |
| MEDICAL ARTS PHARMACY, : | |
| SOUTHERN HOME RESPIRATORY, INC. : | |
| KERRY CASON, RICHARD ROWE, : | |
| BENITA VAUGHN, NANCY WILLIAMS, : | |
| LORETTA LOTSON, COREY MACKIE, : | |
| FIRST CHOICE HOME MEDICAL, INC., : | |
| and LUCILLA ACREE, : | |
|  : | |
| **Defendants.** : | |
| _____ : | |

### *ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT*

Before the Court is Plaintiffs' Motion for Partial Summary Judgment on Defendants'

Counterclaims [Doc. 197]. Plaintiffs Rotech Healthcare, Inc., Respiratory Medical Equipment

of Georgia, Inc., and Quality Home Care, Inc.(collectively "Rotech"), seek summary judgment

1

on four of the five counts set forth in the counterclaims of Defendants Hugh Chancy, Bert Chancy, and Chancy Drugs, Inc. (collectively "Defendants").  As to Defendants' Count One, for breach of contract in the termination of Defendants Hugh Chancy and Bert Chancy (collectively "the Chancy brothers"), Rotech concedes that there are genuine issues of material fact and does not move for summary judgment.  As to Counts Two and Five, for defamation, Defendants concede that there is insufficient evidence to create a genuine issue of material fact and that summary judgment is warranted.  Remaining for consideration in the present Order are Count Three, alleging defamation and breach of contract, and Count Four, alleging false advertising in violation of Section 43(a) of the Lanham Trademark Act of 1946, 15 U.S.C. § 1125(a).  As to Counts Three and Four, the Court finds that there are no genuine issues of material fact and that Rotech is entitled to judgment as a matter of law.  Accordingly, and for the reasons set forth below, Plaintiffs' Motion for Partial Summary Judgment is **GRANTED**.

## I.      Count Three – Defamation and Breach of Contract

Count Three of Defendants' Counterclaim alleges that Rotech defamed the Defendants and breached the terms of an agreement for purchase of assets in its use of the Chancy name as a trade name for its businesses in the Hahira, Georgia area.  In a Purchase Agreement executed in March of 1998, Rotech purchased all the assets of Chancy Healthcare Services, Inc., Chancy Oxygen Services, Inc., CHS Home Infusion Company, and Chancy Healthcare Services of Waynesboro for a purchase price of $5.6 million. Prior to the Purchase Agreement, the four companies were owned by the Chancy brothers and their parents, Hubert Chancy, Jr.,

and Sue Chancy. The assets purchased included intangible assets such as the company's trade names, reputation, and goodwill. Defendants contend that Rotech severely mismanaged the companies and that their poor performance has brought disrepute upon the Chancy name. Defendants further contend that this poor performance exceeded their "qualified right" to use of the name and was in violation of a covenant of good faith and fair dealing implied in the Purchase Agreement.[1]

Defendants' breach of contract claim in Count Three fails as a matter of law. Defendants have cited no provision of the Agreement that establishes any obligation for Rotech to provide a particular level of service. The Agreement was an outright sale of assets. As Defendants acknowledge in their Counterclaim, the Chancy name was an important business asset that was unique in the Hahira area and enjoyed an excellent reputation. Counterclaim, ¶ 14 (Doc. 119, p. 24). The established trade names, along with the accompanying goodwill and reputation, were among the most valuable assets acquired by Rotech in the Purchase Agreement for substantial consideration. In paying to buy the businesses' trade names and other assets, Rotech paid for the right to manage the businesses under those names and as it saw fit, including the right to run them poorly. There is no provision in the Agreement that reserves to the sellers any authority to object to the buyer's business decisions.

---

[1] Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment makes no reference to any defamation claim under Count Three, and it appears that Defendants have abandoned the claim. There is no evidence before the Court of any specific defamatory statement attributed to Rotech.

The Agreement's provision reserving to the Chancy brothers the right to continue the operations of "Chancy Discount Drugs, Inc.," in paragraph 17(a) of the Agreement, does not qualify Rotech's right to use the trade names it purchased. Instead, this provision saves for the Chancy brothers the right to continue using the Chancy name in connection with a single enterprise, without infringing Rotech's rights to the name. Defendants contend that even in the absence of an explicit qualification of Rotech's ownership of the trade names, the saving clause of paragraph 17(a) bound Rotech "to use the Chancy name in good faith and with due respect being given to the fact that the Chancy family was going to co-exist in the marketplace with their concern." Doc. 215, p. 11. In the absence of any express obligation in the terms of the contract, Defendants seek to rely upon the common law "implied covenant of good faith and fair dealing."

Defendants have failed to show that the implied covenant of good faith is applicable in this case. Georgia law recognizes that there is a duty of good faith and fair dealing implied in all contracts in the state, but that implied duty is simply the duty of the parties to a contract to act in such a way that will not inhibit the ability of the other parties to perform their obligations and receive the benefit of their bargains. Thus, "whenever the cooperation of the promisee is necessary for the performance of the promise, there is a condition implied that the cooperation will be given." Southern Business Machines of Savannah, Inc. v. Norwest Fin. Leasing, Inc., 390 S.E.2d 402, 405 (Ga. Ct. App. 1990). "[W]here the manner of performance is left more or less to the discretion of one of the parties to the contract, he is bound to the exercise of good

faith." Camp v. Peetluck, 584 S.E.2d 704, 708 (Ga. Ct. App. 2003) (quoting Rogers v. Farmers & Merchants Bank, 545 S.E.2d 51, 53 (Ga. Ct. App. 2001). The implied covenant of good faith does not create an independent contract term, but rather is "a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure." Stuart Enterprises Intern., Inc. v. Peykan, Inc., 555 S.E.2d 881, 884 (Ga. Ct. App. 2001) (quoting Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429(IV) (11th Cir. 1990). There "can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do." Southern Business Machines, 390 S.E.2d at 405.

In this case there is no evidence that Rotech failed to cooperate with the Defendants in the performance of their obligations, or that Rotech exercised discretion under the contract in a way inconsistent with the ends of the contract. Under the Purchase Agreement, Defendants agreed to give Rotech all of the assets of their businesses, including the Chancy trade names. To protect the value of these assets, Defendants also agreed to certain restrictive covenants which restricted, among other things, **Defendants'** right to use the Chancy name in competition with the businesses sold. Subject to the restrictive covenants, Defendants were allowed to continue to operate Chancy Discount Drugs. In exchange, Rotech agreed to give Defendants $5.6 million dollars. There is nothing in the Purchase Agreement that obligates Rotech to manage the businesses it purchased in any particular way, and the implied covenant of good faith will not create such a provision where none exists. The provisions of the

Agreement give Rotech the right to use the Chancy name in home health care and respiratory care business and that right includes the right to fail as well as the right to succeed in that business.

## II.     Count Four – Lanham Act

In Count Four of their Counterclaims, Defendants allege that Rotech injured them (1) by failing to maintain adequate quality control while acting under the trade name "Chancy Health Care Services" and (2) by using the trade name "Chancy Family Home Care" to imply a continuing relationship with the Chancy family after the termination of the Chancy brothers' employment.  They bring this claim under Section 43(a) of the Lanham Act, which provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

Defendants have no Lanham Act claim against Rotech for use of the name Chancy Health Care Services because it is undisputed that Rotech was the owner of that trade name under the terms of the Purchase Agreement. To establish a claim under Section 43(a), a claimant must establish:

> (1) the ads of the opposing party were false or misleading, (2) the ads deceived, or had the capacity to deceive, consumers, (3) the deception had a material effect on purchasing decisions, (4) the misrepresented product or service affects interstate commerce, and (5) the movant has been--or is likely to be--injured as a result of the false advertising.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1247 (11th Cir.2002). Defendants fail to establish a genuine issue of material fact with regard to the first element of their claim. There is nothing false in Rotech's use of Chancy Health Care Services as a trade name. This trade name was willingly sold to Rotech by the Defendants. Rotech cannot be accused of misrepresenting the nature, characteristics, qualities, or geographic origin of its services or commercial activities by the use of its own name in trade. As owner of the trade name, Rotech had the right to establish for itself the level of quality to be associated with that name.

The cases cited by Defendants do not hold otherwise. In each of those cases,[2] the plaintiff was the owner of a trademark suing a licensee, distributor, or franchisee for misuse

---

[2] Arthur Guinness & Sons, PLC v. Sterling Publishing Co., Inc., 732 F.2d 1095 (2nd Cir. 1984); Adolph Coors Company v. A. Genderson & Sons, Inc., 486 F. Supp. 131 (D. Colo. 1980); El Greco Leather Products Co., Inc. v. Shoe World, Inc., 806 F.2d 392 (2nd Cir. 1986); Anthony Distributors, Inc. v. Miller Brewing Co., 904 F. Supp. 1363 (N.D. Fla. 1995); Travel Impressions, Ltd. v. Kaufman, 1997 WL 1068700 (E.D.N.Y. Oct. 2, 1997).

of its trademark pursuant to a licensing, distribution, or franchise contract.  In this case, by contrast, the owner of the trade name is the party being sued.  Defendants in their Counterclaim are suing the owner of the trade name for use of its own name.  There is nothing false or misleading in Rotech's use of the trade name Chancy Health Care Services.  It is Rotech's name to use.

It remains a matter of dispute whether any use of the trade name "Chancy Family Home Care" could have constituted a misleading representation likely to cause confusion as to the association of Rotech with the Chancy family.  Burt Chancy has testified, by affidavit, that he observed the sign on the front of Rotech's Adel location which read "Chancy Family Home Care."  This testimony is sufficient to create a genuine issue of material fact as to whether Rotech used the trade name.  On its face, the trade name is false or misleading, in that it was not the established trade name of the business as acquired in the Purchasing Agreement.  The use of the "Chancy Family" trade name had the capacity to deceive consumers, in that it suggested that Rotech's Chancy Health Care Services company was still affiliated, connected, or associated with members of the Chancy family.

Rotech is entitled to summary judgment, nevertheless, because Defendants have failed to produce evidence to create a genuine issue of material fact as to the third and fifth elements of a Section 43(a) claim.  There is no evidence in the record that the alleged use of the deceptive trade name had a material effect on purchasing decisions or that Defendants have been or are likely to be injured as a result of the use of the trade name.  Because the Chancy

brothers and Chancy Drugs were not permitted under the terms of the Purchase Agreement to compete with Rotech in the home health care business, and because Rotech did not compete in the retail pharmacy business, there can be no question of the misrepresentation having influenced consumers to choose Rotech over Defendants for home health care services. Defendants did not offer a similar service that could be confused with Rotech's.

      Defendants' contention, then, is that Rotech wrongfully appropriated some of the credibility of the Chancy family in the Adel area by use of the name, at a time when the Chancy family was trying to distance itself from Rotech.  Defendants contend that they were injured through the loss of customers who associated them with the allegedly poor standard of service provided by Rotech.  There is no actual evidence of any such loss of customers, however.  Defendants cite to the depositions of Bessie Smith and Kim Folsom to support their claim of injury.  The depositions are insufficient to create a genuine issue of material fact.  Although Ms. Smith's testimony can be read to state that she stopped trading with Chancy Drugs, her testimony does not indicate that she left Chancy Drugs because of any confusion about continuing affiliation between the Chancy family and Rotech.  When asked if she thought the Chancys were still involved with Chancy Health Care Services, she replied, "I really didn't know what happened." Smith Dep., Doc. 167, p. 8.  The name Chancy Family Home Care is not mentioned in her testimony, and there is no evidence that she ever saw or heard that trade name.  Kim Folsom testified regarding poor service from Rotech, but there is no indication that she ever saw or heard the trade name Chancy Family Home Care or that she

ever ceased trading with Chancy Drugs as a result of the poor service she received from Chancy Health Care Services. To the contrary, her testimony shows that she traded with Chancy Drugs on the day after she received the poor service, and that she was informed that the Chancy family was no longer affiliated with Chancy Health Care Services. Folsom Dep., Doc. 218, pp. 12-13. In addition to these two witnesses, Plaintiffs offer only the unsubstantiated assertions that 100 customers came to the drug store to complain and that "many consumers chose to cease their trading with Chancy Drugs, Inc. . . . [because] they associated the low quality care and practices of Chancy Healthcare Services with that of Chancy Drugs, Inc." Doc. 215, p. 11. In response to a motion for summary judgment, it is the non-moving party's burden to present evidence to show a genuine issue of material fact as to each element of a claim for which it bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In the absence of evidence that the use of the Chancy Family Home Care name had a material effect on purchasing desicions, there is no genuine issue of material fact, and Rotech is entitled to judgment as a matter of law.

Accordingly, Rotech's motion for summary judgment is granted as to Counts Two, Three, Four, and Five of Defendants' Counterclaims. Count One, which was not addressed in the motion for summary judgment, remains for decision at trial.

This the 20th day of May, 2005.

      /s/ Hugh Lawson
**HUGH LAWSON, JUDGE**

chw