IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ROTECH HEALTHCARE, INC., et al., | : | |
| | : | |
| **Plaintiffs**, | : | |
| | : | |
| v. | : | Civil Action No. 7:02-cv-103(HL) |
| | : | |
| BERT CHANCY, HUGH CHANCY, et al., | : | |
| | : | |
| **Defendants**. | : | |

_____

## ORDER OF DISMISSAL

On July, 11, 2006, the parties filed a Joint Motion for Dismissal with Prejudice [doc 252], in which they requested that the Court retain jurisdiction over the case "for the limited purpose of enforcing the terms and conditions of the Asset Purchase Agreement and the Settlement Agreement." Following review of the Joint Motion and corresponding brief, the Court contacted the parties to inquire as to whether the parties would agree to the following conditions if the Court were to agree to retain jurisdiction of the case following dismissal:

    1. The parties would not be permitted to file motions for reconsideration of any orders filed by the Court after the entry of dismissal; and

    2. The parties would not be permitted to pursue interlocutory appeals from any orders filed by the Court after the entry of dismissal.

The Court has now heard from the parties as to the preceding conditions and the parties have advised the Court that they agree to them. Therefore,

**IT IS HEREBY ORDERED:**

1. The parties represent that they have entered into a Settlement Agreement and Mutual Release effective December 30, 2005, which has resolved all issues and controversies to their mutual satisfaction. The parties also represent that they have entered into an Asset Purchase Agreement, dated December 30, 2005. This Order is not intended to signify approval of the terms of the Settlement Agreement and Mutual Release or the Asset Purchase Agreement.

2. By consent of the parties and the Court, and pursuant to the authority of <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 375, 381-82 (1994), the Court shall retain jurisdiction for the duration of the terms of the restrictions contained in the Settlement Agreement and Asset Purchase Agreement. The parties agree that should any orders issue from the Court as a result of its retention of jurisdiction, no motions for reconsideration shall be filed and no interlocutory appeals shall be pursued.

3. The Joint Motion to Dismiss with Prejudice is granted. Except as provided for in paragraphs 1 and 2 above, this case is dismissed, with prejudice, in its entirety, including all claims and counterclaims. Each party shall bear its own costs.

**SO ORDERED**, this the 18th day of August, 2006.

        s/    Hugh Lawson
        **HUGH LAWSON, JUDGE**

mls